IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TABATHA WERKMEISTER, ET AL. | C.A. No. 15-cv-1069 |
| Plaintiffs, | |
| | Hon. Judge Mark Hornak |
| v. | |
| | BRIEF IN SUPPORT OF MOTION TO DISMISS |
| CITY OF PITTSBURGH, ET AL., | |
| Defendants. | Filed on behalf of: Defendants Tersak, Coleman, Englehardt, Yosi, Garris, Hartung, Hall, Blahut, Geyser, and O'Brien |

**BRIEF IN SUPPORT OF MOTION TO DISMISS**

AND NOW, come Defendants Tersak, Coleman, Englehardt, Yosi, Garris, Hartung, Hall, Blahut, Geyser, and O'Brien, by and through undersigned counsel, Bryan Campbell, Esq., and submit the following *Brief in Support of Motion to Dismiss* and in support thereof aver the following:

### I.     BACKGROUND

Plaintiffs filed the first Complaint in this suit on August 13, 2015. (Doc. No. 1). Plaintiffs named the individual Defendants on January 21, 2016 in their First Amended Complaint. (Doc. No. 17). Plaintiffs allege violations of their Fourth and Fourteenth Amendment rights due to a SWAT raid at the location of their home on January 25, 2014. (Doc. No. 17, ¶ 18). Plaintiffs allege that the Defendants broke into the wrong unit in their building, removed Plaintiffs from the building and put them in a cold truck for 30-45 minutes and returned them to their apartment without an explanation as to what occurred. (Doc. No. 17). However, Plaintiffs fail to set forth any facts that establish a violation of their Fourth and Fourteenth Amendment rights and therefore this lawsuit must be dismissed.

## II. STANDARD OF REVIEW

A Complaint may properly be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1974 (2007). Under this standard, the court must, as a general rule, accept as true all factual allegations of the Complaint and all reasonable inferences must be viewed in the light most favorable to plaintiff. *Angelastro v. Prudential-Bache Securities, Inc.*, 764 F. 2d 939, 944 (3d. Cir. 1985). To survive a motion to dismiss, a pro se plaintiff must still "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009)).

In addition to the complaint, the Court may consider matters of public record and other matters of which a court may take judicial notice, such as court orders and exhibits attached to the complaint when adjudicating a motion to dismiss under Rule 12(b)(6). *Oshiver v. Tevin, Fishbein, Sedran & Berman*, 38 F. 3d 1380, 1385 n.2 (3d Cir. 1994). In addition, the Court of Appeals in *Spruill v. Gillis*, 372 F. 3d 218, 223 (3d. Cir. 2004), held that a "defendant may submit an indisputably authentic document to the court to be considered on a motion to dismiss."

## III. ARGUMENT

### A. Plaintiffs fail to set forth sufficient facts to establish a cause of action for unreasonable search and seizure.

Plaintiffs allege that the Defendants violated their Fourth and Fourteenth Amendments when they mistakenly entered their apartment on January 25, 2014. However, Plaintiffs fail to allege that the Defendants violated any right to privacy through an unlawful search of their

2

residence or subjected them to an unreasonable seizure. Therefore, Plaintiffs' claim of unreasonable search and seizure must be dismissed.

Individuals have the right to be secure in their "persons, houses, papers, and effects, against unreasonable searches and seizures." *Whren .v U.S.*, 517 U.S. 806, 809 (1996). The Fourth Amendment protects people and the locations where an individual may harbor a reasonable expectation of privacy. *Terry v. Ohio*, 392 U.S. 1, 9 (1968). A seizure for the purposes of the Fourth and Fourteenth Amendment occurs when considering all of the surrounding circumstances, "the police conduct would 'have communicated to a reasonable person that he was not at liberty to ignore the police presence and go about his business.'" *Kaupp v. Texas*, 538 U.S. 626, 629, 123 S.Ct. 1843, 1845-6, 155 L.Ed. 814 (2003)(citing *Florida v. Bostick,* 501 U.S. 429, 437, 111 S.Ct. 2382, 115 L.Ed.2d 389 (1991)(quoting *Michigan v. Chesternut,* 486 U.S. 567, 569, 108 S.Ct. 1975, 100 L.Ed.2d 565 (1988))). The intrusion into the individual's Fourth Amendment interests is balanced against the promotion of legitimate governmental interests. *Maryland v. Buie*, 494 U.S. 325, 331 (1990)(internal citations omitted).

During the execution of a warrant, the police may detain occupants to prevent flight, protect police, and avoid dangerous confusion. *Baker v. Monroe Twp.*, 50 F.3d 1186, 1191 (3d Cir. 1995). Police may also detain people coming or going from the house if police need to ascertain if they live there. *Baker*, 50 F.3d at 1192. "Under the *Terry* cases, the reasonableness of the intrusion is the touchstone, balancing the need of law enforcement officials against the burden on the affected citizens and considering the relation of the policeman's actions to his reason for stopping the suspect." *Id*. (citing *United States v. Sharpe,* 470 U.S. 675, 682–83, 105 S.Ct. 1568, 1573–74, 84 L.Ed.2d 605 (1985); *see generally United States v. Chaidez,* 919 F.2d 1193, 1197–98 (7th Cir.), *cert. denied,* 501 U.S. 1234, 111 S.Ct. 2861, 115 L.Ed.2d 1028 (1991);

*United States v. Trullo,* 809 F.2d 108, 111 (1st Cir.), *cert. denied,* 482 U.S. 916, 107 S.Ct. 3191, 96 L.Ed.2d 679 (1987)). Innocent individuals may be detained for a reasonable time and under reasonable circumstances to ensure the safety of the individuals and the officers. *Jones v. Philadelphia Police Dept.*, 57 Fed.Appx. 939, 940-41 (3d Cir. 2003)(citing *Torres v. U.S.*, 200 F.3d 179, 185 (3d Cir. 1999)). In determining whether a seizure constitutes an arrest based upon the use of firearms and handcuffs, the intrusiveness of the incident must be analyzed from all aspects of the incident. *Baker*, 50 F.3d at 1193.

Also during the execution of a search warrant, all rooms of a building where the arrestee may be found may be searched pursuant to the warrant until the arrestee is found. *Buie*, 494 U.S. at 332-3. Due to the danger inherent in making an arrest in a home, it is permissible to conduct a protective sweep to avoid ambush or other danger to the officers. *Id*. at 333.

"Where a particular Amendment provides an explicit textual source of constitutional protection against a particular sort of government behavior, that Amendment, not the more generalized notion of substantive due process, must be the guide for analyzing these claims." *County of Sacramento v. Lewis*, 523 U.S. 833, 842 (1998)(citing *Albright v. Oliver*, 510 U.S. 266, 273 (1994)). The Fourth Amendment applies to a situation where an individual's freedom is terminated by means intentionally applied. *Lewis*, 523 U.S. at 844. Claim of excessive force used during an arrest must be analyzed under the Fourth Amendment. *Graham v. Connor*, 490 U.S. 386, 394, 109 S.Ct. 1867, 1871 (1989)(citing *Tennessee v. Garner*, 471 U.S. 1, 7-22, 105 S.Ct. 1694, 1699-1707 (1985)). "The Due Process Clause of the Fourteenth Amendment protects pretrial detainees, charged with, but not yet conviction of a crime." *James v. York County Police Dept.*, 160 Fed.Appx. 126, 131 (3d Cir. 2005)(internal citations omitted).

When a plaintiff alleges that excessive force was used during the course of his arrest, then the Fourteenth Amendment is inapplicable. *James*, 160 Fed.Appx. at 131.

Plaintiffs allege that their Fourth Amendment rights were violated when they were seized and placed in the truck on January 25, 2014 and officers were present in her apartment when she was permitted to return. However, Plaintiff's allegations fall seriously short of a Constitutional violation. The Defendant officers had not made it farther than the entry way and stairs leading to her apartment when Plaintiffs met them. Plaintiffs do not allege that the Defendant Officers made it into the apartment or barged past her to gain entry. Plaintiffs do not allege that they were forced out of their apartment at gunpoint or after threats. Plaintiffs do not allege that any Defendant Officer handcuffed them or put them in any kind of physical restraint. Plaintiffs do not allege that they were physically injured by any action taken by the Defendant Officers. Plaintiffs do not allege that they refused to exit the apartment. Plaintiffs do not allege that any Defendant Officer told them they were not free to leave. Plaintiffs do not allege the Defendant Officers even had the wrong building.

Plaintiffs do state that the Defendant Officers demanded to know who Plaintiff Grinage was. But Plaintiffs do not allege that when Plaintiff Grinage said who he was the Defendant Officers used any force or subjected him to any further questioning. Plaintiffs also state that the Defendant Officers asked Plaintiff Werkmeister if she know who "Marlo" was and her response was no, but she believed he may be the individual that lived downstairs. It is clear from Plaintiffs' Complaint that the Defendant Officers acted appropriately and realized quickly that Plaintiffs' apartment was not the unit subject to the search and arrest of "Marlo." The Defendant Officers removed Plaintiffs from the apartment for officer safety and for their safety in case any difficulty arose with entry into the first floor unit and arrest of "Marlo."

The Plaintiffs were placed in a vehicle away from the scene and for only thirty to forty-five minutes. The Plaintiffs were provided a blanket upon request. The minimal intrusion into Plaintiffs' lives was greatly outweighed by the governmental interest to prevent any possible harm by other occupants in the house and the risk of harm to Plaintiffs due to their entry into the first floor unit. Plaintiffs were not handcuffed or otherwise restrained, were not subject to questioning and were not arrested on that evening. Plaintiffs allege that officers were in the apartment upon returning, but Plaintiffs do not allege that any items were disturbed, searched, or damaged as a result of the Defendant Officers' presence. Plaintiffs do allege damage to the door of their unit, however they also allege that the Defendant Officers provided information to have the door fixed by the City of Pittsburgh. The Plaintiffs fail to allege an unreasonable seizure or unreasonable search of their persons and home and therefore their claims must be dismissed.

**B. Plaintiffs fail to set forth sufficient facts to establish a cause of action for excessive force.**

Plaintiffs allege that the mere presence of a SWAT unit is excessive force. However, Plaintiffs fail to allege sufficient facts to establish that the mere presence of the SWAT team members and their firearms violated their Fourth Amendment rights. Therefore, Plaintiffs' claim must be dismissed.

Under the protections provided by the Fourth Amendment, a suspect has the right to be free from an unreasonable seizure. *Lamont v. New Jersey*, 637 F.3d 177, 183 (3d Cir. 2011).[3] When analyzing the facts and circumstances surrounding an excessive force claim, courts should note that police officers must deal with tense, uncertain, and rapidly evolving situations that require split-second judgments. *Id.* (citing *Graham v. Connor,* 490 U.S. 386, 397 (1998)). Therefore, the reasonableness of the force used must necessarily be viewed from the "perspective of a reasonable officer on the scene." *Graham*, 490 U.S. at 396; *Lamont*, 637 F.3d

6

at 183 (stating courts should avoid "Monday morning quarterbacking"); *Brown v. United States*, 256 U.S. 335, 343 (1921) (noting that "detached reflection cannot be demanded in the presence of an uplifted knife" (Justice Holmes)).

The reasonableness of an officer's actions is judged by an objective standard that analyzes the facts and circumstances of each incident. *Kopec v. Tate*, 361 F.3d 772, 776 (3d. Cir. 2004). Due to the fact-specific nature of the nature of the reasonableness inquiry, the Third Circuit has adopted several factors to consider when analyzing an officer's use of force. *Id.* at 776-77; *Groman v. Twp. of Manalapan*, 47 F.3d 628, 633 (3d Cir. 1995). These factors spring from the United States Supreme Court's decision in *Graham v. Conner*. *Kopec*, 361 F.3d at 776-77 (citing *Graham*, 490 U.S. at 396); *Groman*, 47 F.3d at 633 (citing *Graham*, 490 U.S. at 396). A court should consider, *inter alia*, (1) whether the suspect posed an immediate threat to the officers' or the public's safety, (2) whether the suspect attempted to flee or resist arrest, (3) the duration of the action, (4) whether the applied force took place in the context of effecting an arrest, and (5) the possibility that the suspect may be armed. *Kopec*, 361 F.3d at 776-77; *Groman*, 47 F.3d at 634.

Plaintiffs failed to put forth sufficient evidence to establish a claim of excessive force. Plaintiffs do not allege any facts that would negate the Defendant Officers' belief that the use of SWAT was necessary to arrest "Marlo." Plaintiffs do not present any facts that establish it was unreasonable to use SWAT officers and tactics to execute the warrant for "Marlo." Plaintiffs merely allege their presence and entry into the entryway and stairs and the presence of firearms established excessive force. However, these allegations fall far short of sufficient fact to survive a motion to dismiss. The Defendant Officers were executing a search and arrest warrant for "Marlo" who Plaintiffs believed to be the downstairs occupant. Plaintiffs do not allege that the

Defendant Officers used any force to get Plaintiffs to exit the structure. In fact, Plaintiffs do not even allege that the Defendant Officers utilized threats to get them out of the structure. Plaintiffs allege that upon meeting the Defendant Officers on the stairs, the Defendant Officers escorted the children out of the structure and Plaintiff Werkmeister and Plaintiff Grinage were permitted to re-enter the apartment to get their other two children. Plaintiffs do not allege that they were instructed at this time to not also grab clothing and other means of warm for the children. The Defendant Officers acted reasonably and appropriately in light of the circumstances. Therefore, Plaintiffs fail to establish a claim of excessive force by the Defendant Officers and this claim must be dismissed.

    **C. Defendants are entitled to qualified immunity.**

Qualified immunity is intended to completely shield an officer from having to stand trial. *Giles v. Kearney*, 571 F.3d 318, 325-26 (3d Cir. 2009). The question of qualified immunity is properly answered by the court, because it is a question of law, not fact. *Curley v. Klem*, 499 F.3d 199, 211 (3d Cir. 2007).

Qualified Immunity involves a two-part test: (1) there was a violation of a constitutional right and (2) the right is clearly established in light of the specific context of the case. *Marcavage v. National Park Service et al.*, 2012 WL 310850, *2 (3d Cir. 2012)(internal citations ommitted). The doctrine gives ample room for mistaken judgments by protecting all but the plainly incompetent or those who knowingly violate the law. *Maracavage*, 2012 WL 310850 at *4 (citing *Hunter v. Bryant*, 502 U.S. 224, 229 (1991)). Qualified immunity protects officers from "civil liability when they perform their duties reasonably." *Southerland v. Pennsylvania*, 389 Fed.Appx. 166, 170 (3d Cir. 2010). Under qualified immunity, "the question is whether, "in light of pre-existing law," the "contours" of the plaintiff's rights were sufficiently clear such that

the unlawfulness of the officer's conduct, in the specific circumstances that he confronted, would have been apparent to a reasonable person." *Paff v. Kaltenbach,* 204 F.3d 425, 436 (3d Cir.2000). In 2015, the United States Supreme Court said the following in an opinion granting summary judgment:

> The doctrine of qualified immunity shields officials from civil liability so long as their conduct "'does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Pearson v. Callahan*, 555 U.S. 223, 231, 129 S.Ct. 808, 172 L.Ed.2d 565 (2009)(quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982)). A clearly established right is one that is "sufficiently clear that every reasonable official would have understood that what he is doing violates that right." *Reichle v. Howards*, 566 U.S. ——, ——, 132 S.Ct. 2088, 2093, 182 L.Ed.2d 985 (2012) (internal quotation marks and alteration omitted). "We do not require a case directly on point, but existing precedent must have placed the statutory or constitutional question beyond debate." *Ashcroft v. al–Kidd*, 563 U.S. 731, 741, 131 S.Ct. 2074, 179 L.Ed.2d 1149 (2011). Put simply, qualified immunity protects "all but the plainly incompetent or those who knowingly violate the law." *Malley v. Briggs*, 475 U.S. 335, 341, 106 S.Ct. 1092, 89 L.Ed.2d 271 (1986).

*Mullenix v. Luna*, 136 S. Ct. 305, 308 (2015)(per curiam). To overcome qualified immunity, a plaintiff has the burden of showing, as to each individual defendant, that such defendant (i) violated a federal constitutional right of the plaintiff that was (ii) clearly established at the time of the alleged violation. *See Sherwood v. Mulvihill*, 113 F.3d 396, 399 (3d Cir. 1997); *Donahue v. Gavin*, 280 F.3d 371, 378 (3d Cir. 2002); *see also Washington v. Hanshaw*, 552 F. App'x 169, 175 (3d Cir. 2014).

In the matter at hand, the Plaintiffs carry the burden of showing that the Defendants are not entitled to qualified immunity. The Defendants acted reasonably in light of the circumstances and no case law puts it beyond debate the at the Defendants' actions were in violation of a constitutional right. Therefore, the Defendants are entitled to qualified immunity and this Complaint must be dismissed.

### IV.  CONCLUSION

Plaintiffs failed to put forth sufficient facts to establish violation of their Fourth and Fourteenth Amendment rights. It is clear that the governmental interests outweighed the minimal intrusion into Plaintiffs' lives. Further, the Plaintiffs failed to allege any facts that rise to the level of a violation. Therefore, Plaintiffs' First Amendment Complaint must be dismissed.

        Respectfully submitted,

        */s/ Bryan Campbell*

        Bryan Campbell, Esq.
        Counsel for Defendants Tersak, Coleman, Engelhardt, Yosi, Garris, Hartung, Hall, Blahut, Geyser and O'Brien
        330 Grant St., Ste. 2620
        Pittsburgh, PA 15219
        (412) 642-7667
        bryancmpbl@yahoo.com